**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**ISAIAH WILLIAM TYLER**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:22-CV-P43-TBR**

**WARDEN SCOTT JORDAN** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to amend his complaint.

**I.**

Plaintiff Isaiah William Tyler was previously incarcerated at Kentucky State Penitentiary (KSP). He brings this action against Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews and KSP Warden Scott Jordan in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

1)  While being housed at [KSP] I was denied access to the law library and courts on several occasions for weeks at a time by Scott Jordan and prison staff and when contacted Commissioner Crews failed to act

2)  I was confined to my cell for 24 hours for weeks and sometimes months at a time without being allowed to take a shower for up to 9-10 days at a time. Also I was denied legal material by Scott Jordan and prison staff. Commissioner Crews failed to take action when notified about the unjust treatment

3)  I was deliberately exposed to COVID-19 by [KSP] staff and officials. Staff members weren't wearing mask or gloves nor was the Prison conducting daily covid test and temperature checks on its staff upon arrival to the Prison. When inmates tested positive for the virus, they were placed in quarantine and separated from the rest of the non-infected inmates. Instead they were allowed distribute ice and sack lunches. Also staff deliberately placed me around

infected inmates by making me attend medicine/pill-call with those individuals in close quarters and refusing to let me leave.  They wanted to experiment with the "herd immunity" theory.  Scott Jordan let this take place and Commissioner Crews' Mr. Jordan's boss failed to take action when notified.

4)  Scott Jordan stopped/denied my money order from my inmate account.  I was sending to Elite Paralegal Services who was assisting me in various litigations.  These events took place between August of 2020 through April of 2021.  At [KSP] housing location cellhouse 6.  Medical department as well as the entire prison . . . .

Based upon these allegations, Plaintiff claims that Defendants violated his rights under the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment.  As relief, Plaintiff seeks damages as well as "parole/early release" and "20 yrs good time credited."

Plaintiff also filed a "Legal Memorandum" in support of his complaint (DN 1-1).  In this document, he states that he "contracted the coronavirus from prison officials deliberate actions which could have been prevented . . . ."  He further states that "nearly all of Plaintiff's motions/appeals were denied in various courts for lack of access to law library/legal material . . . and there's a Sixth Amendment right to defend oneself *pro se*."

Plaintiff also attaches to the complaint a positive COVID test and the docket sheet from his state-court criminal action (DN 1-2).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

## A. Official-Capacity Claims

Plaintiff's official-capacity claims are subject to dismissal. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

## B. Individual-Capacity Claims

### 1. Defendants Crews

The Court finds that the pleadings fail to state a claim against KDOC Commissioner Crews. Plaintiff argues that she is liable to him because, despite being notified of the conditions described in the complaint, she took no action. Upon review, it is clear that Plaintiff's claim against Defendant Crews is based upon her supervisory role as the KDOC Commissioner. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

4

691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's allegations do not give rise to a reasonable inference that Defendant Crews had any personal involvement in the actions about which Plaintiff complains. Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Crews for failure to state a claim upon which relief may be granted.

### 2. Defendant Jordan

#### a. Eighth Amendment Deliberate Indifference Claims

The Court construes the complaint as asserting two Eighth Amendment claims against Defendant Jordan – one based upon Plaintiff's contracting COVID due to the COVID protocols at KSP and one based upon Plaintiff's conditions of confinement in segregation. As with Defendant Crews, the Court finds that Plaintiff has failed to state Eighth Amendment claims against Defendant Jordan because such claims seemed to be based solely on Defendant Jordan's role as the KSP Warden. Plaintiff does not allege that Defendant Jordan had any personal involvement

in either of these alleged situations.  Thus, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendant Jordan for failure to state a claim upon which relief may be granted.

Upon consideration, however, <u>the Court will allow Plaintiff to file an amended complaint in which he names as Defendants the KSP officials who were personally involved in both his alleged segregation conditions and his alleged exposure to COVID</u>.  *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### b.  Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).  The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).  "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"  *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (citation omitted).

Here, Plaintiff alleges mistreatment at KSP, but he never alleges disparate treatment.  Thus, the Court will dismiss Plaintiff's Fourteenth Amendment equal protection claim for failure to state a claim upon which relief may be granted.  *See also Bertovich v. Vill. of Valley View*, 431 F. App'x

455, 458 (6th Cir. 2011) (affirming dismissal of "class of one" equal protection claims where the plaintiff "[did] not point to any individual who was treated differently . . . .").

### c. Fifth/Fourteenth Amendment Due Process Claim

The Due Process Clause of Fifth Amendment only applies to actions taken by the federal government. *City of Kentwood*, No. 20-1568, 2021 U.S. App. LEXIS 7518, at *10 (6th Cir. Mar. 15, 2021) (citing *Barron v. Baltimore*, 32 U.S. (7 Pet.) 243, 250, 8 L. Ed. 672 (1833)). Thus, the Court construes Plaintiff's claim seemingly based upon the denial of due process during his state-court criminal trial as one brought under the Fourteenth Amendment. The Sixth Circuit has held that a "pretrial detainee voluntarily proceeding in a criminal case *pro se* is not constitutionally entitled to access to a law library, *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990), and a criminal defendant's right of access to the courts is fully protected if she is represented by counsel, *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991)." *McBee v. Campbell Cty. Det. Ctr.*, Nos. 17-5481/5493, 2018 U.S. App. LEXIS 6647, *7 (6th Cir. Mar. 15, 2018). Thus, whether Plaintiff was "proceeding *pro se*, through counsel, or through hybrid representation" in his vaguely referenced state-court criminal case, he has failed to state a due process claim, and the Court will dismiss this claim for failure to state a claim upon which relief may be granted. *Id*.

### d. First Amendment Denial of Access to the Courts Claim

Finally, the Court construes the complaint as asserting a claim against Defendant Jordan under the First Amendment for denial of access to the courts based upon his allegations that Defendant Jordan denied him access to the law library and legal materials and "stopped/denied my money order from my inmate account . . . I was sending to Elite Paralegal Services who was assisting me in various litigations." As set forth above, Plaintiff states that his "motions/appeals were denied in various courts for lack of access to law library/legal material . . . ."

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (observing that *Lewis* changed actual injury to include requirement that action be non-frivolous). In addition, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

The Court finds that Plaintiff's allegation that Defendant Jordan's actions caused "motions/appeals" to be denied "in various courts" is too vague to satisfy the actual injury requirement of a claim for denial of access to the courts. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

**3. Injunctive Relief**

Finally, to the extent that Plaintiff seeks an earlier or immediate release from custody, a habeas corpus action is the only mechanism available for him to do so.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see also Longacre v. Mich. Dep't. of Corr.*, No. 14-2219, 2015 U.S. App. LEXIS 23421 (6th Cir. June 1, 2015).  Thus, Plaintiff's request for injunctive relief must also be denied for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth above, **IT IS HEREBY ORDERED** that **Plaintiff's official-capacity claims** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that **Plaintiff's individual-capacity claims against Defendants Crews and Jordan** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted

Because no claims remain against Defendant Crews or Jordan, **the Clerk of Court is DIRECTED to terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he 1) identifies and names as Defendants the KSP officials who were personally involved in his alleged segregation conditions and/or his exposure to COVID; 2) sues these Defendants in their individual capacities; and 3) describes the actions taken by each Defendant which show how they caused Plaintiff**

serious harm or placed him at risk of serious harm.  Plaintiff shall also complete a summons form for each newly named Defendant.[1]

The Clerk of Court is FURTHER DIRECTED to send Plaintiff a § 1983 complaint form with this case number and the words "Amended Complaint" placed in the caption.

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff fail to file an amended complaint within the time allotted, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons set forth herein.**

Date:  July 22, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011

---

[1] Regarding the completion of summons forms, Plaintiff must: (1) prepare a summons for each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) do not fill in any other part of the summons form and do not mail the summons to any of the Defendants.